**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| PIERRE LABRANCHE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-13927-JEK |
| | ) | |
| INTEGRA LIFESCIENCES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO REMAND AND
DEFENDANT'S PARTIAL MOTION TO DISMISS**

**KOBICK, J.**

Plaintiff Pierre LaBranche brings this lawsuit against his former employer, defendant Integra Lifesciences, alleging that it discriminated against him based on his race, national origin, and age; created a racially hostile work environment; retaliated against him for complaining about its conduct; breached its progressive discipline policy; and bears responsibility for an assault and battery inflicted by a coworker. Following removal to this Court, LaBranche moved to remand the case to state court and Integra filed a partial motion to dismiss all claims other than the hostile work environment claim. LaBranche's motion will be denied because the Court has diversity jurisdiction over this action and Integra timely filed its notice of removal. Integra's motion will be granted with respect to the assault and battery claim but otherwise denied. While that claim is barred by the Workers' Compensation Act, M.G.L. c. 152, § 24, LaBranche's discrimination, retaliation, and breach of contract claims are plausibly alleged.

## BACKGROUND

The following facts, recounted based on the allegations in the complaint, are assumed true for purposes of the motion to dismiss.

From September 2023 until April 2025, LaBranche worked for Integra in Mansfield, Massachusetts in a role titled "Senior Supplier Quality Engineer." ECF 1-3, ¶¶ 6, 11, 22-24. He is a 61-year-old American man of Haitian descent and was the sole Black employee in his department. *Id.* ¶¶ 2, 5, 16, 78.

LaBranche's job performance was satisfactory, but he "hated" going to work, where he endured a "toxic" environment and "did not feel respected as a professional." *Id.* ¶¶ 22, 81-82. As a person of Haitian descent, LaBranche translated for Haitian immigrants when they came to Integra seeking work. *Id.* ¶¶ 7, 54-55. Some managers and employees "harassed and assaulted" him for helping those Haitian immigrants, who lived in nearby motels. *Id.* ¶¶ 54, 56. LaBranche reported the assaults to the Mansfield Police Department. *Id.* ¶ 57. On February 17, 2024, LaBranche "opposed" how Integra treated him and the Haitian individuals. *Id.* ¶ 7.

On February 26, 2024, Integra's Human Resources Manager, Jason Springer, said that he was "hired to get the Chocolate out of the company, referring to [LaBranche] as [B]lack." *Id.* ¶ 8. That same day, LaBranche emailed Integra's Director of Global Supplier Quality, Kanwarjit Singh, "about being taunted, harassed and belittled by managers and employees because he was Haitian." *Id.* ¶ 9. Singh never responded. *Id.* ¶ 10.

A few days later, on March 1, 2024, Plant Manager Trystan Behm said that he did not like LaBranche because the Governor of Massachusetts was housing Haitians in hotels nearby. *Id.* ¶¶ 33-34. Behm also called LaBranche a "n***er" and told Springer to "[g]et the n***er out." *Id.* ¶¶ 28-29, 31, 43. In response, Springer stated that "he knew how to get n***ers out in a minute,"

grabbed LaBranche's ear and earpiece while LaBranche sat at his cubicle, got in LaBranche's face, and tried to start a fight. *Id.* ¶¶ 29-30, 32, 35-36. Behm did not intervene; instead, he said that Haitians were eating their pets. *Id.* ¶¶ 37-38. That same day, LaBranche informed Singh in writing of this incident but again received no response from Singh or anyone else at Integra. *Id.* ¶¶ 28, 42, 47-50.

Behm called LaBranche a "n***er" again on February 7, 2025. *Id.* ¶ 51. LaBranche reported the incident nearly two weeks later to Integra's Chief Executive Officer, Mojdeh Poul, and its Vice President of Human Resources, Chantal Veillon. *Id.* ¶ 52. Integra's Senior Manager of Human Resources, Meghan Greene, informed LaBranche on April 3, 2025 that she was unable to substantiate any of his claims. *Id.* ¶¶ 11, 58. As a result, Behm was not disciplined. *Id.* ¶ 59.

On April 14, 2025, Greene emailed LaBranche to say that he had been terminated from his job because he had "voluntarily resigned." *Id.* ¶¶ 11, 60-61, 66-67. LaBranche responded the next day indicating that he had not resigned. *Id.* ¶¶ 12, 62. Integra subsequently stated that he was fired for not showing up for an audit at Microspec Corporation in New Hampshire on April 15, 2025. *Id.* ¶¶ 63, 65. That was incorrect: LaBranche was present at that audit. *Id.* ¶¶ 64, 73-75. But he had been forced to leave while executing the audit because, unbeknownst to him, Integra's Manager of Supplier Quality, Laura Andujar, had told Microspec's Supply Chain Manager, David Pugh, on April 14 that LaBranche would not be performing the audit. *Id.* ¶¶ 68-72. LaBranche reiterated to Integra on April 16 that he had not resigned from the company. *Id.* ¶ 76.

Integra has a policy of progressive discipline under which employees are suspended or given a written or oral warning before termination. *Id.* ¶¶ 18, 20. Unlike white employees, LaBranche was not afforded such progressive discipline before being fired for his first and only alleged offense involving the Microspec audit. *Id.* ¶¶ 13-15, 17, 19-21, 25. LaBranche filed a

3

charge of discrimination with the Massachusetts Commission Against Discrimination in May 2025. *Id.* ¶ 4.

LaBranche filed this action in Suffolk Superior Court on December 9, 2025. ECF 8, at 1-4. The complaint asserts claims for discrimination based on race (Count I), national origin (Count II), and age (Count III), hostile work environment (Count IV), and retaliation (Count V) under M.G.L. c. 151B, as well as claims for breach of contract (Count VI) and assault and battery (Count VII). ECF 1-3, at 1, 8-11. Invoking diversity jurisdiction, Integra removed the case to this Court less than two weeks later. ECF 1. In January 2026, Integra filed a partial motion to dismiss all Counts other than Count IV for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF 9. LaBranche moved to remand this action to state court that same month. ECF 12. After the parties opposed each other's motions, the Court held a hearing and took the motions under advisement. ECF 15, 17, 21.

## DISCUSSION

### I.     Motion to Remand.

LaBranche moves to remand this action to Suffolk Superior Court because, in his view, the Court lacks subject matter jurisdiction and the notice of removal was untimely or otherwise improper. He is wrong on both counts.

As "the party seeking to invoke federal jurisdiction," Integra bears "the burden of demonstrating the existence of federal jurisdiction." *Perales-Muñoz v. United States*, 151 F.4th 1, 6 (1st Cir. 2025). It has met that burden. The Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a)(1). The amount in controversy exceeds $75,000, as the complaint demands nearly $1.2 million in damages. ECF 1-3, at 14; ECF 1, ¶ 16. There is also complete diversity of citizenship. LaBranche is a citizen of Massachusetts, where he resides. ECF 1-3, ¶ 2; *see BRT*

4

*Mgmt. LLC v. Malden Storage LLC*, 68 F.4th 691, 695 (1st Cir. 2023) ("Natural persons are citizens of the state in which they are domiciled."). And Integra is incorporated in Delaware and has its principal place of business in New Jersey. ECF 1, ¶ 11. The fact that LaBranche may have worked for Integra at an office in Massachusetts is beside the point, because "a corporation is considered a citizen of the State where it has its principal place of business, as well as a citizen of its state of incorporation." *BRT Mgmt.*, 68 F.4th at 696 (quotation marks omitted). LaBranche also protests that this Court lacks federal question jurisdiction under 28 U.S.C. § 1331, but Integra did not rely on that statute and instead invoked diversity jurisdiction under 28 U.S.C. § 1332(a). *See* ECF 1, ¶ 9.

Turning to removal, the governing statute provides, in relevant part, that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). In LaBranche's telling, the notice of removal was untimely because Integra filed it before being served with the summons and complaint. The First Circuit has made clear, however, that "a defendant generally need not wait until formal receipt of service to remove" and may instead "remove a state-court action to federal court any time after the lawsuit is filed but before the statutorily-defined period for removal ends." *Novak v. Bank of New York Mellon Tr. Co., NA.*, 783 F.3d 910, 911-12 (1st Cir. 2015) (per curiam). Since "service is generally not a prerequisite for removal," Integra properly initiated pre-service removal. *Id.* at 911.

The removal statute further provides that "[p]romptly after the filing of such notice of removal of a civil action the defendant . . . shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court." 28 U.S.C. § 1446(d).

According to LaBranche, he was not promptly served because his counsel was away until the day after Integra filed the notice of removal. *See* ECF 12-1, ¶¶ 1-4. But Integra complied with Section 1446(d). On December 22, 2025, Integra filed the notice of removal in this Court and its notice of that filing in Suffolk Superior Court. ECF 1; ECF 1-5. That same day, Integra also served written notice of removal on LaBranche's counsel via email and first-class mail. ECF 1-4.[1] Accordingly, Integra's removal of this action comported with 28 U.S.C. § 1446, and LaBranche's motion to remand must be denied.

## II.    <u>Partial Motion to Dismiss.</u>

Integra moves to dismiss all of LaBranche's claims except the hostile work environment claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). In evaluating such a motion, the Court must determine "whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintif[f], the complaint states a claim for which relief can be granted." *Cortés-Ramos v. Martin-Morales*, 956 F.3d 36, 41 (1st Cir. 2020) (quotation marks omitted). The complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

---

[1] While LaBranche identifies other alleged errors in the notice of removal itself, those errors do not concern Integra's compliance with 28 U.S.C. § 1332 or 28 U.S.C. § 1446 and have, in any event, been corrected. *See* ECF 12, at 3; ECF 17, at 6 n.1; ECF 1.

A.    Racial Discrimination Claim.

Count I asserts that Integra violated Chapter 151B by terminating LaBranche based on his race. Chapter 151B makes it unlawful for an employer "to discharge from employment [an] individual" "because of the race" of that individual. M.G.L. c. 151B, § 4(1). While LaBranche "need not plead facts sufficient to establish a prima facie case" at the pleading stage, "the elements of a prima facie case may be used as a prism to shed light upon the plausibility of the claim." *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 54 (1st Cir. 2013). Those elements are that (1) LaBranche "is a member of a protected class; (2) he "was subject to an adverse employment action"; (3) Integra "bore 'discriminatory animus' in taking that action"; and (4) "animus was the reason for the action (causation)." *Bulwer v. Mount Auburn Hosp.*, 473 Mass. 672, 680 (2016).

LaBranche states a plausible claim of racial discrimination. As Integra concedes, he is a member of a protected class as a Black individual. He also suffered an adverse action by being terminated.[2] In Integra's telling, the complaint falls short on the other two elements: discriminatory animus and causation. But LaBranche does not, as Integra contends, simply rely on his allegation that he "was terminated because he was African-American." ECF 1-3, at 8. Instead, the complaint contains factual allegations to support the plausible inference that he was indeed fired because of his race. As alleged, LaBranche "was the only Black employee in his department." *Id.* ¶ 16. Human Resources Manager Springer stated that he was "hired to get the Chocolate out of the company, referring to [LaBranche] as [B]lack," and that "he knew how to get n***rs out in a minute." *Id.* ¶¶ 8, 32. Plant Manager Behm also called LaBranche a "n***er" twice and told Springer to "[g]et the n***er out." *Id.* ¶¶ 31, 43, 51. It is a plausible inference, at this stage in the proceedings, that

---

[2] The complaint also alleges that LaBranche "had never been promoted while white employees were promoted." ECF 1-3, ¶ 26. But the counts in the complaint and his brief invoke only his termination as the adverse employment action. *See id.* at 8-9; ECF 15-1, at 3.

Springer, as a part of Integra's human resources team with Greene, and Behm, as a member of Integra's management team, were involved in the decision to terminate LaBranche from his job.

Further, LaBranche's job performance was satisfactory, and he was unable to complete the audit for which he was fired because Integra effectively prevented him from doing so. And whereas white employees were afforded progressive discipline, LaBranche, a Black man, was discharged without being warned or suspended for this singular offense. Collectively, these allegations give rise to the plausible inference that the decisionmakers at Integra bore racial animus and that their animus was causally related to their decision to fire LaBranche. LaBranche has, accordingly, stated a claim of racial discrimination under Chapter 151B. *See Thompson v. Coca-Cola Co.*, 522 F.3d 168, 176 (1st Cir. 2008) (plaintiff made out prima facie racial discrimination claim under Chapter 151B where, as an African American, he was a member of a protected class and claimed to have been fired because of his Jamaican origin and his coworker's "numerous discriminatory comments about Jamaicans"); *Samah v. Takeda Pharms. U.S.A., Inc.*, No. 25-cv-10158-JEK, 2026 WL 63399, at *5 (D. Mass. Jan. 8, 2026) (same where plaintiff "'was the only Black individual in his team,'" treated poorly, and discharged despite performing his job satisfactorily (citation omitted)).

      B.      National Origin Discrimination Claim.

Count II alleges that Integra unlawfully discharged LaBranche based on his national origin. Chapter 151B also prohibits an employer from "discharg[ing] from employment [an] individual" "because of the . . . national origin" of that individual. M.G.L. c. 151B, § 4(1). The elements of a prima facie case "are (1) membership in a protected class; (2) harm; (3) discriminatory animus; and (4) causation." *Trs. of Health & Hosps. of City of Bos., Inc. v. Massachusetts Comm'n Against Discrimination*, 449 Mass. 675, 686 (2007). Again, at this stage, LaBranche need not allege facts sufficient to meet those elements. *See Rodríguez-Reyes*, 711 F.3d at 54.

LaBranche states a plausible claim of national origin discrimination. He is, as Integra again admits, a member of a protected class as an individual of Haitian descent. He also experienced an adverse employment action by being discharged. Integra is correct that LaBranche does not identify who decided to fire him or whether that person was motivated by discriminatory animus. The complaint alleges, however, that "some managers . . . harassed and assaulted" LaBranche for helping Haitians, and that he was "taunted, harassed and belittled by managers . . . because he was Haitian." ECF 1-3, ¶¶ 9, 56. Plant Manager Behm allegedly said, moreover, that "he didn't want to see the Haitians" who he believed "were eating their pets" and "didn't like [LaBranche] because of the Governor's policy of housing Haitians in four local hotels." *Id.* ¶¶ 33-34, 38. Viewed in the light most favorable to LaBranche, such references to managers, including Behm, give rise to the plausible inference that they played a role in his termination. Taken together, these factual allegations support LaBranche's assertion that he "was terminated because he was Haitian-American." *Id.* at 9.[3] His claim of national origin discrimination under Chapter 151B therefore survives dismissal. *See Thompson*, 522 F.3d at 176 (plaintiff established prima facie case of national origin discrimination claim under Chapter 151B where his supervisor repeatedly made disparaging remarks about his Jamaican origin).

C.    Age Discrimination Claim.

Count III asserts that Integra unlawfully fired LaBranche based on his age. Chapter 151B further prohibits an employer from "discharg[ing] from employment [an] individual" "because of the age of [that] individual." M.G.L. c. 151B, § 4(1B). To establish a prima facie case under the

---

[3] LaBranche's assertion in his brief that Integra replaced him with a person who was not Haitian American will not be considered because "facts asserted only in briefing do not suffice" at the pleading stage. *Kolackovsky v. Town of Rockport*, 165 F.4th 114, 123 (1st Cir. 2026); *see* ECF 15-1, at 3.

statute, LaBranche must show that he (1) is over forty years old, (2) performed his job at an acceptable level, (3) was terminated, and (4) was replaced by a similarly qualified or less qualified younger individual. *Knight v. Avon Prods., Inc.*, 438 Mass. 413, 420-21 (2003). Once again, at the motion to dismiss stage, LaBranche "need not plead facts sufficient to establish a prima facie case"; instead, he must allege "enough facts to make entitlement to relief plausible in light of" those four elements. *Rodríguez-Vives v. Puerto Rico Firefighters Corps of Puerto Rico*, 743 F.3d 278, 286 (1st Cir. 2014) (quotation marks omitted).

LaBranche plausibly states each element of an age discrimination claim. The complaint alleges that LaBranche is 61 years old; he "performed his job satisfactorily and in an acceptable manner"; Integra fired him; and "his position . . . was given to a younger person by the name of Jesus Rodriguez." ECF 1-3, ¶¶ 22, 78, and at 9. Integra contends that the complaint fails to connect his age to an adverse employment action. The complaint expressly alleges, however, that LaBranche "was terminated because of his age." *Id.* at 9. Integra also argues that the complaint lacks factual allegations about Rodriguez's age or qualifications. But where LaBranche has alleged that his replacement was younger, he need not specify that person's exact age. And since he is not strictly held to the prima facie elements, he does not have to allege that Rodriguez is equally or less qualified than him. *See Rodríguez-Vives*, 743 F.3d at 286. At this stage, for purposes of the fourth element, it is sufficient to allege that Rodriguez is younger than LaBranche. *See Mitchell v. TAC Tech. Servs., Inc.*, 50 Mass. App. Ct. 90, 92-93 (2000) (affirming dismissal of age discrimination claim where plaintiff did not allege that he was "replaced by a younger person"). Accordingly, Count III will not be dismissed.

10

D.    Retaliation Claim.

Count V alleges that Integra retaliated against LaBranche in violation of Chapter 151B when it fired him following his objections to its "racially hostile work environment" in the Mansfield office. ECF 1-3, at 10. Chapter 151B makes it unlawful for an employer to "discharge, expel or otherwise discriminate against any person because he has opposed any practices forbidden under [Chapter 151B]." M.G.L. c. 151B, § 4(4). To establish a prima facie case of retaliation, LaBranche "must show that 'he engaged in protected conduct, that he suffered some adverse action, and that a causal connection existed between the protected conduct and the adverse action.'" *Psy-Ed Corp. v. Klein*, 459 Mass. 697, 707 (2011) (quoting *Mole v. Univ. of Massachusetts*, 442 Mass. 582, 591-92 (2004)). A causal nexus may be inferred if the adverse action comes within "'very close'" temporal proximity of the protected activity. *Mole*, 442 Mass. at 595 (quoting *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001)).

LaBranche states a plausible claim of retaliation. As pled, he engaged in protected activity on at least two separate occasions by complaining (1) in February and March 2024 to Director of Global Supplier Quality Singh about the racial harassment involving Behm and Springer, and (2) on February 20, 2025 to Chief Executive Officer Poul and Vice President of Human Resources Veillon about Behm calling him a "n***er." ECF 1-3, ¶¶ 9, 28, 43, 51-52.[4] Despite performing his job at an acceptable level, LaBranche was discharged on April 14 or 15, 2025, less than two months after his complaint to Poul and Veillon. *Id.* ¶¶ 11, 22, 60. Integra does not contest that LaBranche engaged in protected conduct and suffered an adverse action, but instead contends that LaBranche fails to plausibly allege a causal connection between the two. In its view, LaBranche does not

---

[4] LaBranche alleges that he complained other times as well, but he does not rely on those complaints in his opposition. *See* ECF 15-1, at 8; ECF 1-3, ¶¶ 9, 47.

identify who decided to fire him and whether that individual was aware of his complaints. But the titles of the three individuals to whom LaBranche allegedly complained indicate that Integra was aware of his complaints. *Cf. Gyulakian v. Lexus of Watertown, Inc.*, 475 Mass. 290, 300 (2016) ("There is no bright line rule delineating who must be notified before an employer has been put on notice of harassment in the workplace."). Integra also argues that more than a year elapsed between when LaBranche first complained to Singh in February and March 2024 and his subsequent termination in April 2025. But Integra fails to account for LaBranche's more recent complaint to Poul and Veillon in February 2025. The close temporal proximity—less than two months— between that complaint and his termination permits a plausible inference of a causal connection between LaBranche's protected conduct and Integra's decision to fire him. *See Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999) (one and one-half months, but not three months, between protected activity and adverse action may, alone, be sufficient to establish causation); *Mole*, 442 Mass. at 595 (citing *id.*). Count V thus survives.

E.    Breach of Contract Claim.

The breach of contract claim in Count VI alleges that Integra failed to follow the progressive discipline required by its "policies and procedures" when it fired LaBranche. ECF 1-3, at 10-11. In such an employee handbook case, "at-will employees seek to enforce the provisions of an employer issued handbook indicating that an employee will be accorded . . . some particular disciplinary process before discharge," including "progressive discipline." *LeMaitre v. Massachusetts Tpk. Auth.*, 452 Mass. 753, 754 (2008) (citing *O'Brien v. New England Tel. & Tel. Co.*, 422 Mass. 686, 687, 695 (1996)). There is no "rigid list of prerequisites, but rather . . . factors that would make a difference or might make a difference in deciding whether the terms of a personnel manual were at least impliedly part of an employment contract." *O'Brien*, 422 Mass. at

12

692. Those factors include whether: "(1) the employer retained the right to unilaterally modify terms; (2) the terms of the manual were . . . negotiated; (3) the manual stated that it provided only guidance regarding the employer's policies; (4) [a] term of employment was specified in the manual; and (5) the employee . . . sign[ed] the manual to manifest assent." *Day v. Staples, Inc.*, 555 F.3d 42, 58-59 (1st Cir. 2009) (citing *Jackson v. Action for Boston Cmty. Dev., Inc.*, 403 Mass. 8, 14-15 (1988)).

According to the complaint, Integra had a progressive discipline policy that required employees to receive an oral or written warning or a suspension before termination. ECF 1-3, ¶¶ 18, 20. The policy may also have required an investigatory meeting and a hearing. *Id.* ¶¶ 13-14. Integra failed to adhere to that policy when it terminated LaBranche without notice based on his first alleged offense. *Id.* ¶¶ 15, 17, 19-20, 25, & at 11. While LaBranche did not attach the challenged policy to the complaint, he has sufficiently described that policy to place Integra on notice about its contents. *See Dodge v. Signature Flight Support Corp.*, 437 F. Supp. 3d 109, 110-11 (D. Mass. 2020) (denying motion to dismiss breach of contract claim alleging that defendant fired plaintiff without adhering to its disciplinary policy that plaintiff had accepted); *Grant v. Target Corp.*, 126 F. Supp. 3d 183, 189 (D. Mass. 2015) (same as premature due to material facts at issue and collecting similar cases). Integra could also have appended its discipline policy to its motion to dismiss but failed to do so. *See Britton v. AthenaHealth, Inc.*, No. 13-P-1544, 2015 WL 4726872, at *2-3 & n.10 (Mass. App. Ct. Aug. 11, 2015) (Rule 1:28) (considering policies from defendant in affirming dismissal of breach of contract claim alleging violation of "progressive discipline" policies where plaintiff also failed to describe or "identify which employer policies were in issue"). Absent the policy itself, the Court must assume the truth of LaBranche's factual

13

allegations. Because these allegations plausibly state a claim for breach of Integra's progressive discipline policy, Count VI will not be dismissed.

F.      Assault and Battery Claim.

Count VII asserts that Integra is liable for assault and battery because Human Resources Manager Springer threatened to fight LaBranche and grabbed his ear and earpiece in March 2024. ECF 1-3, at 11 & ¶¶ 28-36. Integra contends that this claim is barred by the exclusivity provision of the Workers' Compensation Act, M.G.L. c. 152, § 24. Under that provision, any "employee shall be held to have waived his right of action at common law . . . in respect to an injury that is compensable under this [statute], to recover damages for personal injuries, if he shall not have given his employer, at the time of his contract of hire, written notice that he claimed such right." M.G.L. c. 152, § 24. The statute requires compensation if the employee "receives a personal injury arising out of and in the course of his employment." *Id.* § 26. Injuries resulting from assault and battery by one employee on another are compensable, and claims for assault and battery are therefore covered by the statute's exclusivity clause. *Doe v. Purity Supreme, Inc.*, 422 Mass. 563, 565 (1996); *see Zygmuntowicz v. American Steel & Wire Co. of N.J.*, 240 Mass. 421, 424 (1922) ("[I]njury caused by an assault upon an employee, which arises out of and in the course of his employment, falls within the act.").

The Court agrees, and LaBranche does not dispute, that Count VII is precluded by the Workers' Compensation Act. LaBranche is a former employee of Integra who was allegedly injured by a coworker while he sat at his work cubicle. ECF 1-3, ¶¶ 6, 29-30, 35-37, and at 11. The complaint does not allege that he waived his right to compensation under the Act, and preserved his right to seek redress through a common law cause of action, at the time he was hired. *See Est. of Moulton v. Puopolo*, 467 Mass. 478, 484 & n.12 (2014) (plaintiff bears the "burden" to allege

14

that she "waived her right to compensation under the act"). Since LaBranche "receive[d] a personal injury arising out of and in the course of his employment," but does not allege that he provided Integra with the "written notice" required by the Act, the Workers' Compensation Act bars his claim for assault and battery in this Court. M.G.L. c. 152, §§ 24, 26; *see Brown v. Nutter, McClennen & Fish*, 45 Mass. App. Ct. 212, 214-15 (1998) (affirming dismissal of intentional infliction of emotional distress claim against defendant employer based on the Act).

## CONCLUSION AND ORDER

For the foregoing reasons, LaBranche's motion to remand, ECF 12, is DENIED. Integra's partial motion to dismiss, ECF 9, is GRANTED with respect to Count VII and otherwise DENIED.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
Dated: June 1, 2026                                    UNITED STATES DISTRICT JUDGE

15